

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00363-CV

---

IN THE MATTER OF THE MARRIAGE OF MICHAEL BENTROTT
AND COURTNEY BENTROTT AND IN THE INTEREST OF
B.A.B. AND M.L.B., CHILDREN

---

On Appeal from the 455th District Court
Travis County, Texas
Trial Court No. D-1-FM-21-001795, Honorable Danielle DeSeta Lyttle, Presiding

---

February 23, 2024

## ORDER DENYING EMERGENCY MOTION FOR RECONSIDERATION OF APPELLANT'S MOTION FOR TEMPORARY ORDERS AND TO STAY ENFORCEMENT OF FINAL DECREE OF DIVORCE

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Courtney Bentrott, appeals from the trial court's *Final Decree of Divorce* dissolving her marriage to Appellee, Michael Bentrott.[1]  Specifically, she challenges the trial court's inclusion of a modified step-up possession and access order which transitions

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

Michael's access to his two children from supervised to unsupervised possession. By order dated February 15, 2024, this Court denied Courtney's motion for temporary orders and to stay enforcement of the final decree of divorce.

Now pending before this Court is Courtney's emergency motion to reconsider staying the divorce decree as it affects the modified supervision order. Under Phase 2 of the modified possession order which began in November 2023, Michael's visitation is supervised for six months but "after (3) three months of operating under Phase 2, MICHAEL BENTROTT'S periods of possession shall be supervised during only the first and last hour of each period of possession." According to Courtney, that period begins on February 24, 2024, and she contends there is evidence that Michael has an improper relationship with the children.

Courtney has included an appendix with her emergency motion. Some documents are part of the appellate record; however, it is unclear whether all items contained therein are part of the record. *See Herczeg v. 5005 SSR, LLC*, No. 03-19-00760-CV, 2021 Tex. App. LEXIS 7256, at *9 n.4 (Tex. App.—Austin Aug. 31, 2021, pet. denied) (mem. op.) (noting that evidence or facts outside of the record are not considered on appeal). *See also Crossley v. Staley*, 988 S.W.2d 791, 794 (Tex. App.—Amarillo 1999, no pet.) (noting that documents attached to motions or briefs which are outside the appellate record cannot be considered on appeal). This Court will not consider documents outside the record.

By Order of the Court, Courtney's *Emergency Motion for Reconsideration of Appellant's Motion for Temporary Orders and to Stay Enforcement of Final Decree of Divorce* is denied.

It is so ordered.

Per Curiam